## S89A0108. RAY v. THE STATE.
### (389 SE2d 326)

BELL, Justice.

Gene Livingston Ray appeals his convictions for sodomy, attempt to commit sodomy, furnishing liquor to an underage person, possession of marijuana, and solicitation of sodomy.[1] We affirm.

---

[1] The crimes occurred between April 5, 1987, and August 28, 1987. On December 27, 1987, appellant was indicted. The six-count indictment charged him with sodomy of two separate persons, attempt to commit sodomy, furnishing liquor to an underage person, possession of less than an ounce of marijuana, and solicitation of sodomy. On April 23, 1988, the court reporter certified the transcript of an April 13, 1988, motion hearing. On May 13, 1988, a jury found appellant guilty of five of the six charges. On May 25, 1988, nolle prosequi was entered on the sixth charge, which was one of the two sodomy charges.

On June 10, 1988, appellant moved for a new trial. On November 1, 1988, the court reporter certified the trial transcript. Appellant amended his motion for new trial on December 12, 1988, and the court overruled the amended motion on December 20, 1988. Appellant filed his notice of appeal on January 19, 1989. On January 30, 1989, the court reporter certified the transcript of the motion for new trial. The clerk of superior court certified the record on February 15, 1989.

The appeal was docketed in the Court of Appeals on February 21, 1989. On March 6,

1. The evidence was sufficient to support the convictions under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. OCGA § 16-6-2 (a) provides that "[a] person commits the offense of sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another." Appellant, who was convicted of committing sodomy on another male, contends that § 16-6-2 (a) violates his right to equal protection under the United States Constitution because, he alleges, the statute is selectively enforced only against homosexuals.

We find no merit in this contention, as there is no evidence in the record that § 16-6-2 (a) is selectively enforced only against homosexuals. Accordingly, we conclude that appellant has not established the actual manner of enforcement of the sodomy law, and we therefore hold that he has not proved his contention that the statute is selectively enforced only against homosexuals. *Gordon v. State*, 257 Ga. 439, 440 (3) (360 SE2d 253) (1987).

3. The record shows that appellant persuaded a fourteen-year-old boy to submit to sodomy at appellant's residence, in exchange for money. Appellant asserts that § 16-6-2 (a) is unconstitutional as applied to his conduct in that transaction because the statute violates his right to privacy under the United States Constitution. His argument, as we understand it, is that the right of privacy extends to sodomy between consenting males in a private place.

This enumeration is without merit. A fourteen-year-old boy is not legally able to consent to sexual relations with an adult male. Moreover, sodomy for pay amounts to prostitution, *Fluker v. State*, 248 Ga. 290 (1) (282 SE2d 112) (1981), to which the right of privacy indisputedly does not attach, see generally *State v. Gaither*, 236 Ga. 497, 499 (224 SE2d 378) (1976) (special concurrence of Hall, J., Div. 1).

Accordingly, it is our opinion that an adult male who pays a fourteen-year-old boy to engage in sodomy has no right of privacy in that conduct.[2]

4. Appellant was sentenced to serve 10 years in prison with respect to his sodomy conviction. The evidence presented at trial

---

1989, the court reporter certified the transcript of a February 29, 1988 motion hearing. That transcript was certified by the clerk of superior court on March 14, 1989, and was filed in the Court of Appeals on March 16, 1989.

On June 5, 1989, the Court of Appeals transferred the appeal to this Court, because appellant challenged the constitutionality of the sodomy statute, OCGA § 16-6-2. The clerk of this Court docketed the appeal on June 9, 1989. On July 21, 1989, the appeal was submitted on briefs.

[2] We pretermit the question whether an adult male who engages in gratuitous sodomy with another adult male has a constitutional right of privacy.

showed that he had repeatedly engaged in sodomy with the victim. Appellant contends that the twenty-year maximum-sentence punishment of § 16-6-2 (a) violates the prohibition of the Eighth Amendment to the United States Constitution against cruel and unusual punishment.

There is no merit to this contention. Appellant cannot complain of the maximum sentence under the statute, as "[i]t is . . . the sentence actually imposed, not a potentially greater sentence, which must be subjected to this constitutional scrutiny." *Lambeth v. State*, 257 Ga. 15, 16 (354 SE2d 144) (1987). Moreover, with respect to the sentence that appellant actually received, "[w]e hold this sentence for repeated acts of sodomy committed against a minor does not shock the conscience." *Gordon v. State*, supra, 257 Ga. at 440 (2).

5. The record shows that the trial court did not err by allowing appellant to proceed *pro se* at trial. *Blackwelder v. State*, 256 Ga. 283 (1) (347 SE2d 600) (1986).

6. The court did not abuse its discretion by denying appellant's motion for continuance.

7. There was no error in allowing evidence of similar transactions to be introduced.

8. Under the circumstances of this case, the court did not abuse its discretion by refusing to permit the appellant to reopen the case after the close of the evidence.

9. Appellant has failed to demonstrate that he was denied his Sixth Amendment right of compulsory process.

10. Any error in admitting into evidence statements that appellant made without having received *Miranda* warnings was waived by his failure to object at trial. *Thaxton v. State*, 184 Ga. App. 779, 781 (2) (362 SE2d 510) (1987); *Pruitt v. State*, 176 Ga. App. 317, 321 (3) (335 SE2d 724) (1985).

11. The trial court did not err by admitting into evidence the exhibits that appellant complains of in his ninth enumeration.

12. Appellant contends that his trial counsel, who represented appellant during part of the trial proceedings, was ineffective.

However, although appellant's appellate counsel raised this issue in the amended motion for new trial, there is no indication that appellate counsel requested an evidentiary hearing, and none was held. Because Ray's appellate counsel did not request an evidentiary hearing, we hold that Ray has waived his claim of ineffectiveness. *Dawson v. State*, 258 Ga. 380, 381 (2) (369 SE2d 897) (1988).[3]

---

[3] The prospective rule that this Court announced in *Dawson* took effect the day the opinion was published in the Official Advance Sheets. Id. at 381 (2). The opinion was published in the advance sheets on August 25, 1988. Ray's amended motion for new trial was heard on December 19, 1988.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 8, 1990.

*Kenneth D. Kondritzer,* for appellant.
*Spencer Lawton, Jr., District Attorney, Michael J. Bowers, Attorney General, Michael E. Hobbs, Senior Assistant Attorney General,* for appellee.