## S99A1307. LEWIS v. THE STATE.
(521 SE2d 193)

FLETCHER, Presiding Justice.

A jury convicted Neil Eugene Lewis of malice murder, armed robbery, and possession of a firearm during the commission of a crime in the shooting death of Deveron Bullock.[1] Lewis appeals, con-

---

[1] The crime occurred on July 24, 1996. Lewis was indicted November 20, 1996 for malice murder, felony murder, armed robbery, and possession of a firearm during the commission of a crime. Following a jury trial, Lewis was found guilty of malice murder, armed robbery and possession of a firearm on May 23, 1997. The trial court sentenced him to concurrent life sentences for murder and armed robbery and a five-year consecutive term on the possession charge. Lewis filed a motion for new trial on June 23, 1997 and amended it at

tending that the trial court erred in not excluding testimony of a witness for whom the state failed to produce a written statement in violation of OCGA § 17-16-7. Because only Lewis's co-defendant objected to the witness's testimony, we affirm.

The evidence showed that Lewis and his two co-defendants, Robert Reed and Larry Hunt, were looking for someone to rob on July 24, 1996. Around 5:00 p.m., the three approached Bullock, and Reed pointed his gun at Bullock and told Hunt to search him. Hunt and Bullock started to struggle and Bullock began to run around the corner of his house, with the three chasing him. Reed tried to shoot Bullock, but his gun jammed. Lewis pulled a gun and shot Bullock in the back as he was running away. Lewis and Reed then took money from Bullock's pockets. The state presented the testimony of Hunt and several other eyewitnesses. Lewis presented alibi witnesses who testified that he was in a different location at the time of the shooting.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Lewis guilty of the crimes charged.[2]

2. Lewis contends that the trial court erred in not striking the testimony of Ricky Roberts, because the state disclosed one of Roberts' statements, but failed to provide Roberts' later statement that he observed Reed and Lewis with guns. Reed objected and asked that Roberts' testimony be stricken. Reed argued that he was not aware of the statement and that the statement was highly prejudicial because it was the first time Reed knew a witness would claim that Reed had a gun. The state argued that the defendants knew of the substance of the statement and, therefore, there was no harm. The trial court denied the motion to strike Roberts' testimony, but granted a continuance to allow Reed time to interview additional witnesses mentioned for the first time by Roberts. Lewis did not join Reed's objections or make any arguments regarding the statement. Therefore, Lewis cannot raise the issue for the first time on appeal.[3]

3. Lewis also contends that the trial court erred in allowing the state to present the testimony of Eric Seay because he was not on the state's witness list. Lewis also failed to object to Seay's testimony and cannot assert it initially in this Court.

*Judgment affirmed. All the Justices concur.*

---

the hearing on the motion on April 29, 1999. The trial court entered an order denying the motion on May 6, 1999. Lewis filed his notice of appeal on May 28, 1999, the case was docketed in this Court on June 8, 1999, and submitted for decision without oral argument on August 2, 1999.

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Walsh v. State*, 269 Ga. 427, 430 (499 SE2d 332) (1998) (issue raised by co-defendant at trial does not preserve issue for appellant).

DECIDED SEPTEMBER 20, 1999.

*Gerald B. Williams, Willie C. Williams,* for appellant.
*Kenneth B. Hodges, District Attorney, Gregory W. Edwards, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.