S02A1048. REED v. THE STATE.
(571 SE2d 767)

BENHAM, Justice.

This appeal is from Robert Reed's convictions for felony murder, armed robbery, and possession of a firearm during the commission of

---

[2] OCGA § 24-4-6; *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

a crime.[1] The evidence at trial established that when Reed, Neil Lewis, and Larry Hunt attempted to rob Deveron Bullock at gunpoint, Bullock ran away. Reed and Lewis gave chase and Lewis shot Bullock in the back, fatally wounding him. Reed and Lewis searched the wounded victim and took money from his pockets before fleeing. The gun which was shown to have fired the fatal shot was found in her home by Lewis's mother and turned over to the police.

1. The evidence adduced at trial was sufficient to authorize a rational trier of fact to find Reed guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lewis v. State*, 271 Ga. 500 (1) (521 SE2d 193) (1999).

2. The felony murder count of the indictment in this case specified two underlying felonies, armed robbery and aggravated assault. The indictment also included a separate count charging armed robbery of the same victim. After the jury found Reed guilty of felony murder and armed robbery, the trial court entered sentences on both the felony murder count and the armed robbery count. Reed contends that the armed robbery sentence was illegal because it should have merged into the felony murder conviction.

That argument is supported by *Thompson v. State*, 261 Ga. 23 (2) (426 SE2d 895) (1993), disapproved on other grounds, *McClellan v. State*, 274 Ga. 819 (1) (b) (561 SE2d 82) (2002). In *Thompson*, this Court rejected the "chain of circumstances" analysis formerly used to decide which underlying felony would merge into a felony murder conviction in a case in which it could not be ascertained which underlying felony the jury had relied on in finding a defendant guilty of felony murder. In the place of that analysis, we held that "where it is unclear which of two or more felonies is the underlying felony for a felony murder conviction, the trial court must merge the most severe (in terms of potential punishment)." Id. at 25. Applying that analysis to the same underlying felonies involved in the present case, armed robbery and aggravated assault, we decided in *Briscoe v. State*, 263

---

[1] The victim was killed on July 24, 1996, and Reed, Lewis, and Hunt were indicted on November 26, 1996, for malice murder, felony murder (armed robbery, aggravated assault), armed robbery, and possession of a firearm during commission of a crime. Reed and Lewis were tried together in a jury trial on May 19-23, 1997, resulting in Reed being acquitted of malice murder and convicted of the other charges, and Lewis being acquitted of felony murder and convicted of the other charges. On June 6, 1997, the trial court sentenced Reed to concurrent life sentences for felony murder and armed robbery, and to a consecutive term of five years for possession of a firearm during commission of a crime. A motion for new trial filed on July 1, 1997, and amended on October 20, 1997, was considered at a hearing on January 4, 2002, and was denied on January 31, 2002. Pursuant to a notice of appeal filed on February 28, 2002, the appeal was docketed in this Court on March 29, 2002, and was submitted for decision on the briefs. Lewis's convictions were affirmed in *Lewis v. State*, 271 Ga. 500 (521 SE2d 193) (1999).

Ga. 310 (2) (431 SE2d 375) (1993), that the armed robbery conviction must be merged into the felony murder.

The difference between *Briscoe*, where we ordered that the armed robbery sentence be vacated and directed that Briscoe be sentenced for aggravated assault, and the present case is that Briscoe was convicted of separate counts of armed robbery and aggravated assault, while Reed's indictment did not include a separate count of aggravated assault. As a result, we cannot direct the trial court, upon vacation of the armed robbery sentence, to enter a sentence for aggravated assault. That Reed will benefit more than Briscoe did from application of the same rule to the same underlying felonies is the result of a charging decision, indicting for only one count of felony murder and specifying two underlying felonies. The risk inherent in employing the single count form of felony murder indictment, the form used in the present case, was discussed in *Lumpkins v. State*, 264 Ga. 255 (4) (443 SE2d 619) (1994):

> [E]llecting to employ the alternative counts form . . . of indictment avoids the potential return of an uncertain verdict which is an inherent "hazard" of employment of the single count form [of indictment]. [Cit.] . . . If a verdict of "not guilty" were returned on a "malice murder" count and a general verdict of "guilty" were returned on a single "felony murder" count which alternatively alleged the underlying felonies, it would not be possible to determine whether the jury had found appellant guilty of "felony murder" while in the commission of an "aggravated assault" or while in the commission of an "armed robbery" or while in the commission of both an "aggravated assault" and an "armed robbery." "There is no comparable hazard when the indictment or information is in several counts and the conviction is explicitly declared to rest on findings of guilt on certain of those counts, for in such instances there is positive evidence that the trier of fact considered each count on its own merits and separately from the others. [Cit.]" [Cit.]

Applying the rule stated in *Thompson*, supra, we direct the trial court to vacate the sentence imposed on Reed for armed robbery.

3. Contending that he did not have an opportunity for an evidentiary hearing in the trial court on his claim of ineffective assistance of counsel, Reed seeks a remand of this case to the trial court for that purpose. The general rule is that a claim of ineffective assistance of counsel must be raised in the trial court at the earliest practicable moment, and that failure to raise the issue constitutes a waiver. *Pye v. State*, 274 Ga. 839 (1) (561 SE2d 109) (2002). The record in this

case shows that Reed was represented on motion for new trial by counsel appointed subsequent to the trial. That attorney did not raise the issue of ineffective assistance, but Reed raised the issue orally at the hearing on the motion for new trial. Although the trial court held the record open for 30 days for further filings in support of that claim, neither Reed nor the attorney who represented him on motion for new trial made any further filings. The trial court's order denying the motion for new trial included as an issue the claim of ineffective assistance of counsel. It thus appears that Reed had the opportunity to raise the issue in the trial court, both in the fact that he was represented on motion for new trial by different counsel than at trial and in the fact that Reed himself raised the issue at the hearing, but did not seek an evidentiary hearing or follow up on the trial court's offer to submit additional material in support of the claim. Under those circumstances, the claim of ineffective assistance of counsel was waived and remand is not required. *Pye v. State*, supra (post-conviction counsel filed motion for new trial but did not raise ineffective assistance); *Ray v. State*, 259 Ga. 868 (12) (389 SE2d 326) (1990) (no request for evidentiary hearing).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Ramon J. Fajardo*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.