## S03A0548. WILSON v. THE STATE.
(586 SE2d 669)

BENHAM, Justice.

This appeal is from Herman Wilson, Jr.'s conviction for murder and possession of a firearm during commission of a crime.[1] The evi-

---

[1] The crimes were committed on June 3, 2000, and Wilson was arrested that day. An indictment charging Wilson with malice murder, felony murder (aggravated assault), two counts of aggravated assault, and two counts of possession of a firearm during commission of a crime (murder, aggravated assault) was entered on November 2, 2000. After a jury verdict returned on October 18, 2001, and entered as a judgment on October 29, 2001, found Wilson

dence adduced at trial showed that Wilson and his ex-wife, in the course of planning their two children's summer, arranged for her to meet a proposed babysitter who would keep the children while Wilson was at work. The meeting was scheduled for the afternoon of the next day, June 3, 2000, at Wilson's home. Wilson asked Ms. Wilson whether her boyfriend, George Meade, would be with her, and she said he would be there but would wait in the car. On the morning of June 3, Wilson bought a revolver at a pawn shop and a box of bullets at a discount store. When his family arrived, Wilson was not present, but his daughter found him in the neighborhood. He asked then whether Meade was with them. After getting his ex-wife and children into his apartment, Wilson left abruptly. His ex-wife and daughter went outside when they heard shots a couple of minutes later and saw Wilson firing into the car in which Meade sat. A neighbor who called 911 after hearing five shots fired saw Wilson walk into the house with a gun in his hand. Forensic evidence established that a revolver found in Wilson's kitchen fired the fatal shots. Nothing usable as a weapon was found on or near Meade's body.

1. The evidence at trial was sufficient to authorize a rational trier of fact to find Wilson guilty beyond a reasonable doubt of malice murder and possession of a firearm during commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wilson's only enumeration of error is that he received ineffective assistance of counsel at trial. Conceding that the right to raise the issue on appeal has been waived, a concession with which appellees agree, Wilson's appellate counsel seeks remand of this case for an evidentiary hearing on claims of ineffective assistance of counsel.

Before seeking and getting permission to withdraw from this case, trial counsel filed a motion for new trial. Wilson subsequently filed a pro se motion for new trial in which he raised a claim of ineffective assistance of trial counsel. Present appellate counsel subsequently waived a hearing on the motion for new trial, pursuant to which waiver the trial court considered the motion, including Wilson's allegations of ineffective assistance of counsel, on the record and denied it.

---

competent to stand trial, he was convicted on December 5, 2001, of malice murder, felony murder, and possession of a firearm during commission of a crime (murder), and acquitted of the other charges. The trial court sentenced Wilson to life imprisonment for malice murder and to five years (consecutive) for the firearm possession offense. The felony murder conviction was vacated by operation of law. Trial counsel filed a motion for new trial on December 6, 2001, and Wilson filed a pro se motion for new trial on January 8, 2002. After present appellate counsel waived a hearing, the motion for new trial was denied on June 17, 2002. Following entry on September 26, 2002, of an order permitting an out-of-time appeal, a notice of appeal was filed the same day. The appeal was docketed in this Court on December 19, 2002, and was submitted for decision on the briefs.

Agreeing with Wilson's appellate counsel that the issue of ineffectiveness of counsel cannot be raised on appeal, appellees oppose the request that the case be remanded for consideration of that issue by the trial court. The Attorney General relies on *Reed v. State*, 275 Ga. 660 (3) (571 SE2d 767) (2002), *Pye v. State*, 274 Ga. 839 (1) (561 SE2d 109) (2002), and *Ray v. State*, 259 Ga. 868 (12) (389 SE2d 326) (1990), and the District Attorney relies on *Jones v. State*, 254 Ga. App. 863 (5) (564 SE2d 220) (2002), for the proposition that the claim of ineffective assistance of trial counsel has been entirely waived by post-trial counsel's waiver of a hearing on motion for new trial. A careful reading of those cases, however, reveals that two of the cited cases are distinguishable on the facts and the other two represent an error which has crept into our case law involving consideration on appeal of claims of ineffective representation subsequent to our decision in *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988).

*Pye* and *Jones*, both of which involve a failure to raise the issue at all in the trial court, are distinguished from the present case because in the present case the issue was raised in the trial court by Wilson's pro se motion for new trial and was specifically ruled upon by the trial court in the order denying the motion for new trial. Thus, while *Pye* and *Jones* state a correct proposition of law, they do not apply to the present case.

The other two cases relied on by the Attorney General, *Reed* and *Ray*, are on point factually in that they both involve the failure of a defendant to present evidence on motion for new trial to support a claim of ineffectiveness, in *Reed* by not taking advantage of an offer by the trial court to submit further evidence and not seeking an evidentiary hearing on the issue, and in *Ray* by not seeking an evidentiary hearing. However, an examination of those cases and their antecedents reveals that the pertinent holding in *Ray*, on which the holding in *Reed* is based, deviated from and inappropriately expanded the holding of the authority on which it was based, *Dawson v. State*, supra.

In *Dawson*, the appellant sought a remand to the trial court for consideration of a claim of ineffectiveness of counsel. This Court reviewed in that decision the cases involving the necessity of raising the issue on motion for new trial, noting that in *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986), this Court held the issue must first be considered in the trial court and that a remand for that purpose was appropriate, and that in *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987), we held a claim of ineffectiveness is waived on appeal if the claim could have been raised on motion for new trial by post-trial counsel, but was not. In *Dawson*, however, the claim was raised by new counsel on motion for new trial, but no evidentiary hearing was sought. We held there that *Thompson* was inapplicable because the

issue had been raised, and that the rationale of *Smith* required that the case be remanded for an evidentiary hearing. However, we announced in *Dawson* that in all subsequent such cases (i.e., those in which a claim of ineffectiveness of trial counsel was raised on motion for new trial after the entry into the case of new counsel, but no evidentiary hearing was requested), there would be no remand because the right to an evidentiary hearing was waived by the failure to request a hearing. The distinction to be drawn between *Thompson* and *Dawson* is that where the issue of ineffectiveness is not raised at all by appellate counsel, the claim of ineffectiveness is waived (*Thompson*), while in cases in which the issue is raised in the trial court, but no evidentiary hearing is requested (*Dawson*), only the right to a hearing is waived. The importance of the distinction is that failure to raise the issue at all in the trial court results in no appellate consideration of the claim of ineffectiveness, while the failure to seek an evidentiary hearing results in appellate consideration of the claim of ineffectiveness based solely on the record at trial. See, e.g., *Rivers v. State*, 271 Ga. 115 (2) (516 SE2d 525) (1999).

Appellate consideration of the claim based only on the trial record would not, of course, include the testimony of trial counsel concerning counsel's actions at trial. The effect of the absence of trial counsel's testimony will vary with the nature of the claims asserted. As the Court of Appeals noted in a holding adopted by this Court in *Dawson*, supra, 258 Ga. 380 (3),

> [I]t is not always necessary that trial counsel testify in cases where ineffective assistance is alleged. It would depend on what is claimed to have constituted ineffectiveness. If it relates to matters outside of the record, such as that counsel failed to consult with defendant before trial or failed to call material witnesses, then counsel's testimony would probably be needed. But where the "ineffectiveness" relates to alleged errors made during the course of the trial as shown by the transcript, then trial counsel's testimony may not be required; the record speaks for itself.

*Dawson v. State*, 186 Ga. App. 718, 721 (6) (368 SE2d 367) (1988).

It was the distinction between an entire waiver of the claim on appeal and waiver only of the right to an evidentiary hearing that was blurred by our decision in *Ray*, supra. The appellant there raised the issue of ineffectiveness in his motion for new trial, but did not request an evidentiary hearing. Although our decision in *Dawson*, supra, 258 Ga. 380, would require that the claim be considered on its merits based on the existing record, the decision in *Ray* relied on *Dawson* as authority for its dispositive ruling that "[b]ecause Ray's

appellate counsel did not request an evidentiary hearing, . . . Ray has waived his claim of ineffectiveness." *Ray v. State,* supra, 259 Ga. at 870.

The erroneous blurring of the distinction between the entire waiver on appeal of a claim of ineffectiveness by failure to raise the issue in the trial court and waiver only of the right to an evidentiary hearing has been perpetuated in a line of cases continuing through *Reed,* supra, to *Trigger v. State,* 275 Ga. 512 (6) (570 SE2d 323) (2002). To rectify this error in our decisions, we now clarify that failure to request an evidentiary hearing in support of a claim of ineffectiveness of trial counsel raised in a motion for new trial results only in a waiver of the right to such a hearing, but not in a waiver of appellate consideration of the claim. *Dawson,* supra. In so doing, we find it necessary to overrule, to the extent they stand for the proposition that failure to seek an evidentiary hearing in the trial court concerning a claim of ineffectiveness of counsel constitutes a complete waiver of the claim on appeal, both *Reed,* supra, and *Trigger,* supra, as well as the following decisions of this Court and the Court of Appeals and their progeny: *Wright v. State,* 275 Ga. 427 (6) (569 SE2d 537) (2002); *Yizar v. State,* 262 Ga. 33 (2) (413 SE2d 448) (1992); *Ray v. State,* supra, 259 Ga. 868; *Johnson v. State,* 259 Ga. 428 (3) (383 SE2d 115) (1989); *Mathis v. State,* 238 Ga. App. 218 (6) (517 SE2d 578) (1999); *Wheeler v. State,* 236 Ga. App. 197 (3) (511 SE2d 564) (1999); *Howard v. State,* 233 Ga. App. 724 (7) (505 SE2d 768) (1998); *Clair v. State,* 216 Ga. App. 414 (1) (454 SE2d 556) (1995); *Boyce v. State,* 198 Ga. App. 371 (5) (401 SE2d 578) (1991); *Mantooth v. State,* 197 Ga. App. 797 (6) (399 SE2d 505) (1990); *Weems v. State,* 196 Ga. App. 429 (3) (395 SE2d 863) (1990); *McClanahan v. State,* 196 Ga. App. 737 (3) (397 SE2d 24) (1990).

Having clarified the circumstances in which a claim of ineffective assistance of counsel is waived, we turn to a consideration of the appealability of the claim in the present case. Here, since a claim of ineffective assistance of trial counsel was raised on motion for new trial, this case is in the same posture as *Dawson* and is, accordingly, controlled by that decision. Applying *Dawson,* we conclude that Wilson is not entitled to a remand to the trial court for an evidentiary hearing and that his claim must be considered on the basis of the trial record.

The alleged errors of trial counsel specified by Wilson's pro se motion for new trial were that counsel failed to file proper motions and failed to maintain adequate contact with Wilson during his pretrial confinement.

> While the issue of ineffectiveness of counsel may sometimes
> be determined without the testimony of trial counsel, it gen-

erally cannot be done when the basis of the claim involves matters outside the record, such as discussions between counsel and client of grounds for the motion, if any, and investigation by counsel of such grounds, if any. [Cit.]

*Taylor v. State*, 197 Ga. App. 678, 679-680 (2) (399 SE2d 213) (1990). Both the claims raised by Wilson's pro se motion for new trial are of the type requiring the testimony of trial counsel. Id.; *Dawson v. State*, supra, 186 Ga. App. at 721. "In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption. [Cit.]" *Rivers v. State*, supra, 271 Ga. at 117 (2). Since the instances of ineffectiveness alleged by Wilson involve matters as to which evidence is required and no evidence was produced to establish either matter, the trial court did not err in rejecting the claims of ineffective assistance asserted in the motion for new trial. Id.

Finally, appellate counsel adds on appeal an assertion that the trial court's refusal to allow a psychiatric evaluation before trial prevented trial counsel from providing effective representation. That claim, however, was waived by failure to raise it on motion for new trial. Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived. *Spear v. State*, 270 Ga. 628 (5) (513 SE2d 489) (1999); *Bagwell v. State*, 270 Ga. 175 (1) (f) (508 SE2d 385) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003 —
RECONSIDERATION DENIED OCTOBER 17, 2003.

*Richard O. Allen*, for appellant.

*Patrick H. Head, District Attorney, C. Lance Cross, Amy H. McChesney, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.