**SECOND DIVISION**
**MILLER, P. J.,**
**DILLARD, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 21, 2020**

# In the Court of Appeals of Georgia

A19A2021. WILLIAMS v. THE STATE.

REESE, Judge.

Following a bifurcated trial, a Clayton County jury found Lewis Williams ("the Appellant") guilty of armed robbery, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.[1] The Appellant seeks review of the denial of his motion for new trial, arguing that the evidence was insufficient to support the convictions, and that the trial court erred in admitting the lineup photo arrays and improperly charged the jury as to armed robbery and as to being a felon in possession of a firearm. Further, the Appellant contends that he was denied the effective assistance of counsel. For the reasons set forth infra, we affirm.

---

[1] See OCGA §§ 16-8-41 (a); 16-5-21 (a) (2); 16-11-106 (b) (1); 16-11-131 (b).

Viewed in the light most favorable to the jury's verdict,[2] the record shows the following facts. On February 15, 2015, at approximately 4:30 p.m., B. W. stopped at a gas station in Clayton County and pumped gas into his vehicle while his brother, A. W., and their cousin, E. W., remained in the car. While B. W. pumped gas, he saw the Appellant, whom he knew "through mutual friends." B. W. testified that the Appellant grabbed B. W. and placed him in a choke hold. While in the choke hold, the Appellant searched B. W.'s pockets and grabbed two gold necklaces from B. W.'s neck and "snatched the chains off." The jewelry fell to the ground. When the Appellant attempted to pick up the jewelry, B. W. "stomped" on the necklaces to prevent the Appellant from taking them. B. W. testified that the Appellant pulled out a gun, shot him in the chest, took the jewelry, got into a car, and fled. B. W. walked into the gas station and asked that someone call 911. Next, B. W. walked to his vehicle, and his cousin drove him home. After arriving at home, B. W.'s mother called 911, and emergency medical services transported B. W. to a hospital where he remained for approximately one week as he recovered from a collapsed lung.

---

[2] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

A. W. testified that he knew the Appellant through "former friends[.]" He further testified that upon arriving at the gas station that day, B. W. and his cousin got out of the vehicle. B. W. went into the store, and their cousin stood by the car. When B. W. returned to the car, the Appellant walked up to B. W., grabbed him from behind, and "popped" the necklaces from B. W.'s neck. A. W. testified that when the necklaces fell to the ground, B. W. stepped on the jewelry, the Appellant pulled out a gun, pointed it toward B. W., and shot him.

An investigator with the Clayton County Sheriff's Department conducted an investigation of the incident. The investigator testified that during the investigation, both B. W. and A. W. identified the Appellant as the shooter in separate photo lineups.

After hearing the foregoing evidence, the jury found the Appellant guilty of armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. The Appellant was then tried on the charge of possession of a firearm by a convicted felon. During that portion of the trial, the State introduced into evidence a certified copy of the Appellant's 2011 Illinois conviction for possession of a firearm by a felon as State's Exhibit 7. Following that trial, the jury found the Appellant guilty.

Following the jury trial, the Appellant filed a motion for new trial. After conducting a hearing, the trial court denied the Appellant's motion. This appeal followed.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[3] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[4]

"The standard of *Jackson v. Virginia*[5] is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged."[6] With these guiding principles in mind, we turn now to the Appellant's specific claims of error.

---

[3] 443 U. S. at 319 (III) (B).

[4] *Walker v. State*, 329 Ga. App. 369, 370 (765 SE2d 599) (2014) (punctuation and footnote omitted).

[5] 443 U. S. at 319 (III) (B).

[6] *Bautista v. State*, 305 Ga. App. 210, 211 (1) (699 SE2d 392) (2010).

4

1. The Appellant argues that the evidence was insufficient to support his armed robbery conviction. Specifically, the Appellant contends that the State failed to establish that the gun was used to threaten A. W. prior to the taking of his jewelry. We conclude that there was sufficient evidence for the jury to conclude, beyond a reasonable doubt, that the Appellant took the jewelry from B. W. with the use of a handgun, as charged in Count 2 of the indictment.

A person commits armed robbery "when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[7] At trial, B. W. testified that when the Appellant grabbed his necklaces, the jewelry fell to the ground and B. W. secured them by stepping on the items. While B. W. stepped on the jewelry, he saw the Appellant pull out a gun and shoot him (B. W.) in the chest. It follows that "[w]here, as here, the evidence is sufficient to authorize a finding that the theft was completed after force was employed against the victim, a conviction for armed robbery is authorized."[8] We conclude that

---

[7] OCGA § 16-8-41 (a).

[8] *Benton v. State*, 305 Ga. 242, 245 (1) (824 SE2d 322) (2019) (citation and punctuation omitted); cf. *Gatlin v. State*, 199 Ga. App. 500, 501 (1) (405 SE2d 118) (1991) (evidence insufficient to support an armed robbery conviction where the

5

the evidence presented was sufficient for a rational trier of fact to find the Appellant guilty of armed robbery beyond a reasonable doubt.

2. The Appellant argues that the trial court erred in admitting the photo arrays which included his picture in the lineups. Specifically, he contends that the admission of the photo arrays was irrelevant and should have been excluded under OCGA § 24-4-403 ("Rule 403").[9]

> Generally, the reviewing court first determines
>
> whether the identification procedure was impermissibly suggestive. If the answer to that inquiry is negative, we need not consider the second question — whether there was a substantial likelihood of irreparable misidentification. Conversely, [the reviewing court] may immediately proceed to the second question and, if the answer thereto is negative, [the court] may entirely pretermit the first question.[10]

---

defendant grabbed money from a cash register, the cashier "re-acquire[d]" it, and the defendant pulled out a gun and left the store without the money).

[9] See OCGA § 24-4-403 ("Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

[10] *Butler v. State*, 290 Ga. 412, 415 (3) (721 SE2d 876) (2012) (citation and punctuation omitted).

Thus, even if the circumstances surrounding the Appellant's identification "rendered the showup impermissibly suggestive, the evidence is inadmissible only if[,] under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification."[11] In its order denying the motion for new trial, the trial court stated that the photo arrays were "completely unnecessary [since] the victim and his brother knew the [Appellant] from previous social interactions [and] they immediately recognized him as the perpetrator and told the police his name."

Here, both B. W. and A. W. testified that they knew the Appellant prior to the incident, and at trial, both identified him as the person who shot the victim. Pretermitting whether the photo arrays were suggestive, B. W. and A. W. each had an independent basis for the identification of the Appellant.[12]

To the extent that the Appellant argues that the photo arrays should have been excluded under Rule 403, the record shows that trial counsel objected to the admission of the photo lineups solely on the basis of foundation and the trial court did not address the admissibility of the photo arrays under Rule 403. Instead, the trial

---

[11] Id. (citations and punctuation omitted).

[12] See *Lupoe v. State*, 284 Ga. 576, 579-580 (3) (f) (669 SE2d 133) (2008) (no basis to exclude the eyewitness identification of the defendant when the eyewitness knew the defendant prior to the crime).

7

court found there was "no substantial likelihood of irreparable misidentification [by B. W. and A. W.]"

Although there is no indication that the trial court exercised its discretion to consider the admissibility of the photo arrays under Rule 403, that error is harmless.[13] As stated above, the victim and the eyewitness both knew the Appellant prior to the crime and identified him as the shooter. Based on the foregoing, the Appellant has failed to show that any error in admitting the photo arrays contributed to the jury's verdict.[14]

3. The Appellant contends that the trial court erred in failing to properly instruct the jury on armed robbery and on a felon in possession of a firearm. Specifically, the Appellant argues that the trial court erred in including the language of "immediate presence" which is absent from the indictment for armed robbery, and the State failed to define "felony" as to the possession of a firearm by a felon as charged in Count 4 of the indictment.

---

[13] See *Ballin v. State*, __ Ga. __ (2) (Case No. S19A1097, decided December 23, 2019) (harmless error where the trial court failed to conduct a balancing test under Rule 403 and the improperly admitted evidence did not contribute to the jury's verdict in light of the overall strength of the other evidence of guilt).

[14] See id.

OCGA § 17-8-58 states:

(a) Any party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Such objections shall be done outside of the jury's hearing and presence.

(b) Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section.

To demonstrate plain error, the Appellant must show that: "(1) there was no affirmative waiver of the issue; (2) the error was obvious; (3) the instruction likely affected the outcome of the proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[15] "In reviewing a challenge to the trial court's jury instruction, [the appellate court] view[s] the charge

---

[15] *Beasley v. State*, 305 Ga. 231, 236 (3) (824 SE2d 311) (2019); see also *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011) ("Satisfying all four prongs of this standard is difficult, as it should be.") (citation and punctuation omitted).

9

as a whole to determine whether the jury was fully and fairly instructed on the law of the case."[16]

(a) The Appellant argues that the trial court improperly charged the jury on armed robbery. Specifically, he contends that the trial court erred by including the phrase "immediate presence" in the jury charge.

The trial court charged the jury as follows:

A person commits armed robbery when, with intent to commit theft, that person takes property of another from the person, or the immediate presence, of another by use of an offensive weapon." The trial court further instructed the jury that: If, after considering the testimony and evidence presented to you, along with the charge of the [c]ourt, you find and believe beyond a reasonable doubt that the [Appellant] committed the offense charged in the ways and manners *alleged in the indictment*,[17] then you would be authorized to find the [Appellant] guilty[.]

Pretermitting whether the trial court erred in including the phrase "immediate presence" in the armed robbery jury charge, as the reviewing court, "we presume that

---

[16] *Pippen v. State*, 299 Ga. 710, 712 (2) (791 SE2d 795) (2016) (citation and punctuation omitted).

[17] (Emphasis supplied).

10

the jury followed the trial court's instructions in arriving at its verdict."[18] Moreover, considering the jury charge as a whole,[19] the instruction did not likely affect the outcome of the proceedings.[20] Thus, the trial court did not plainly err in instructing the jury as to armed robbery.

(b) The Appellant also contends that during the second phase of his bifurcated trial, the trial court erred in instructing the jury on the possession of a firearm by a convicted felon. Specifically, he asserts that during the second phase, there was no evidence showing that he had been convicted of a felony in Illinois that was "punishable by a year or more[,]" and the trial court improperly charged the jury that the offenses of armed robbery and aggravated assault were felony offenses.

> Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no

---

[18] *Winters v. State*, 303 Ga. 127, 134 (III) (810 SE2d 496) (2018) (citation omitted).

[19] See *Pippen*, 299 Ga. at 712 (2).

[20] See *Beasley*, 305 Ga. at 236 (3).

error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.[21]

Here, the trial court charged the jury as follows:

As it relates to Count IV [possession of a firearm by a convicted felon], the term felony means an offense punishable by imprisonment for a term of one year or more. The offense of armed robbery, as well as the offense of aggravated assault, are felony offenses. The term firearm includes any handgun which will expel a projectile by the action of an explosion or electrical charge. Any person who has been convicted of a felony by a court of this state, or any other state, and who possesses any firearm, commits the offense of possession of a firearm by a convicted felon. [T]hat is the law that applies specifically to the charge set forth in Count IV. I remind you of all the other law which I have charged you heretofore, and call upon you to recall that law as well.

At trial, the State introduced and admitted State's Exhibit 7, which contained the Appellant's Illinois 14-count indictment and subsequent conviction of possession of a firearm by a convicted felon. As fully explained in Division 3 (a) supra, the jury charge, taken as a whole and presuming that the jury followed the trial court's instructions, the Appellant has failed to show that the instruction likely affected the

---

[21] *Smallwood v. State*, 296 Ga. App. 16, 20 (2) (673 SE2d 537) (2009) (punctuation and footnote omitted).

12

outcome of the proceedings.[22] Further, pretermitting whether the trial court's statements regarding the armed robbery and aggravated assault convictions were error, "under the circumstances of this case, simply stating the legal proposition that a certain crime is a felony did not constitute an improper comment on the evidence."[23] Consequently, the Appellant has not shown that the trial court plainly erred in instructing the jury on the possession of a firearm by a convicted felon.

4. The Appellant argues that he received ineffective assistance of counsel in several respects. For the reasons that follow, we affirm the trial court's rulings on these claims.

Generally, to prevail on a claim of ineffective assistance,

a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that

---

[22] See *Beasley*, 305 Ga. at 236 (3); *Winters*, 303 Ga. at 133-134 (III); *Pippen*, 299 Ga. at 712 (2); see also *Clark v. State*, 348 Ga. App. 235, 242-243 (2) (d) (820 SE2d 274) (2018) (failure of trial counsel to redact previous conviction showing that defendant was a felon prior to admission of the conviction as evidence in a subsequent trial did not amount to ineffective assistance of counsel given the strength of evidence that defendant had used a firearm during the commission of crimes for which he was on trial).

[23] *Trigger v. State*, 275 Ga. 512, 515 (4) (570 SE2d 323) (2002), overruled in part on other grounds by *Wilson v. State*, 277 Ga. 195, 199 (2) (586 SE2d 669) (2003).

there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[24] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[25]

Either the performance or the prejudice prong of the ineffectiveness inquiry need not be proven if the defendant fails to prove the other prong.[26]

"An appellate court evaluates counsel's performance from counsel's perspective at the time of trial."[27] In other words, "hindsight has no place in an assessment of the performance of trial counsel, and a lawyer second-guessing his own

---

[24] *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

[25] *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003) (citations and punctuation omitted).

[26] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993) ("Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.") (citing *Strickland*, 466 U. S. at 697)).

[27] *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

14

performance with the benefit of hindsight has no significance for an ineffective assistance of counsel claim."[28] A trial counsel's tactics and strategic decisions "are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them."[29]

(a) The Appellant contends that he did not receive effective counsel because his trial counsel failed to file a motion to exclude the photo arrays. We disagree.

As explained in Division 2, supra, the evidence presented showed that the victim and his brother each had an independent basis for identifying the Appellant, absent the admission of the photo arrays. Under the circumstances, any error in the admission of the photo arrays was harmless.[30] Consequently, the Appellant's trial counsel cannot be deemed ineffective for failing to file a motion to exclude the photo arrays.

---

[28] *Dority v. State*, 335 Ga. App. 83, 96 (4) (780 SE2d 129) (2015) (citation and punctuation omitted).

[29] *Gray v. State*, 291 Ga. App. 573, 579 (2) (662 SE2d 339) (2008) (punctuation and footnote omitted); see *Grier*, 273 Ga. at 365 (4) ("As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel.") (citation and punctuation omitted).

[30] See *Davis v. State*, 299 Ga. 180, 191 (2) (b) (787 SE2d 221) (2016) (no *Strickland* prejudice resulted from the admission of irrelevant photos).

(b) The Appellant asserts that he received ineffective assistance of counsel when trial counsel withdrew his previously requested jury instructions on the lesser included offense of theft by taking and robbery by intimidation.

Trial counsel submitted written, proposed jury charges, including requests to charge the jury on the lesser included offenses of theft by taking and robbery by intimidation. During the charge conference however, trial counsel withdrew his request to charge the jury on the lesser included offense of theft by taking. Trial counsel withdrew his request to charge on robbery by intimidation shortly before the trial court gave the jury instruction. Trial counsel did not object to the jury charge as given.

During the motion for new trial hearing, trial counsel testified that his overall trial strategy was to pursue an "all or nothing" defense, that the Appellant was not present during the crime, and to "discredit the alleged victims[.]" He testified that he withdrew the robbery by intimidation charge because he thought that "if robbery were to come in, it would not have merged with another charge, [and] it would have been exposure to a higher sentence." He also testified that he later "realized in a strategic manner[,] it might have been better to have left that charge out there and hoped that the jury would have found for robbery instead of armed robbery." Trial counsel

16

further testified that he used the "same strategy" in his decision to withdraw the lesser included offense of theft by taking. In its order denying the Appellant's motion for new trial, the trial court ruled that "the guilt in this case was overwhelming, and the [Appellant] failed to show prejudice as required by *Strickland*."

Pretermitting the wisdom of trial counsel's tactic, the record here supports the trial court's judgment that the evidence against the Appellant was overwhelming,[31] and the Appellant has failed to show that there was a reasonable probability that the outcome of his trial would have been different.[32] Accordingly, the Appellant cannot prevail on this alleged error.[33]

(c) The Appellant argues that he did not receive effective assistance of counsel when trial counsel submitted an improper jury charge on credibility. Trial counsel

---

[31] See *Johnson v. State*, 290 Ga. App. 255, 259 (1) (e) (659 SE2d 638) (2008) (defendant unable to show prejudice allegedly caused by the ineffective assistance of counsel in light of the evidence of defendant's overwhelming guilt).

[32] See *Smith v. State*, 301 Ga. 348, 353 (III) (b) (801 SE2d 18) (2017) (The "[p]ursuit of an 'all or nothing' defense is a permissible trial strategy.") (citations and punctuation omitted); *Jessie v. State*, 294 Ga. 375, 377 (2) (a) (754 SE2d 46) (2014) ("Decisions about which jury charges to request are classic matters of trial strategy.")

[33] See *Ingram v. State*, 317 Ga. App. 606, 608 (2) (732 SE2d 456) (2012) (trial counsel not ineffective for deciding against requesting a jury instruction on a lesser-included offense in order to pursue an all or nothing defense).

filed a request to charge the jury on the credibility of witnesses. During the charge conference, the trial court denied trial counsel's requested charge, ruling that it was "covered by the Court's charge[.]" Pretermitting whether the requested charge was improper, the Appellant does not contend that the jury was improperly charged as to the credibility of the witnesses. Consequently, the Appellant has failed to show that "but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different."[34]

(d) The Appellant argues that he received ineffective assistance of counsel when trial counsel failed to tailor his requested aggravated assault jury charge to the allegations contained in the indictment.

The record shows that during sentencing, the trial court merged the Appellant's aggravated assault conviction with his armed robbery conviction. Even if the jury charge as to aggravated assault was error, the Appellant has failed to show that it affected his substantial rights inasmuch as the trial court entered a sentence as to armed robbery.[35]

---

[34] *Lajara*, 263 Ga. at 440 (3) (citations and footnote omitted).

[35] See *Lajara*, 263 Ga. at 440 (3).

(e) The Appellant argues that he received ineffective assistance of counsel when trial counsel failed to object to the trial court's instruction on armed robbery. Specifically, the Appellant contends that he did not receive effective counsel when trial counsel failed to object to the inclusion of the phrase "the immediate presence" in the armed robbery portion of the jury charge.

As explained in Division 3 (a), supra, considering the jury charge as a whole and presuming that the jury followed the trial court's instructions, the instruction likely did not affect the outcome of trial.[36] It follows that "an objection made would have been meritless, and the failure to make a meritless objection cannot support a claim of ineffective assistance[.]"[37]

(f) The Appellant contends that he received ineffective assistance of counsel when trial counsel failed to inform the trial court that he did not receive the certified copy of the Illinois indictment and conviction until "near the end of trial[,]" although he properly requested discovery material prior to trial, and trial counsel failed to seek redaction of that evidence.

---

[36] See *Beasley*, 305 Ga. at 236 (3); *Winters*, 303 Ga. at 134 (III); *Pippen*, 299 Ga. at 712 (2).

[37] *Beasley*, 305 Ga. at 236 (3) (citation and punctuation omitted).

19

During the motion for new trial hearing, trial counsel testified that he did not have a reason why he did not raise the lack of discovery or seek redaction of the Illinois indictment and conviction. In light of our rulings in Divisions 1 and 2, supra, "even if trial counsel was deficient in some respects, there is no reasonable probability that, but for those deficiencies, the outcome of [the Appellant's] trial would have been different[.]"[38] Here, the Appellant has failed to meet his burden of substantiating that "trial counsel was deficient in . . . the respects alleged and has failed to show prejudice resulting from [many] of his claims of ineffective assistance."[39] Therefore, considered cumulatively, the Appellant has not shown that

---

[38] *Lanham v. State*, 345 Ga. App. 657, 665 (1) (f) (813 SE2d 184) (2018) (citation and punctuation omitted); see *State v. Worsley*, 293 Ga. 315, 323 (3) (745 SE2d 617) (2013) ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.") (citation and punctuation omitted); *Green v. State*, 218 Ga. App. 648, 651 (3) (b) (463 SE2d 133) (1995) ("It is important for appellate judges to remember that a defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials.") (citations and punctuation omitted).

[39] *Towry v. State*, 304 Ga. App. 139, 148 (2) (h) (695 SE2d 683) (2010); see *Johnson v. State*, 290 Ga. App. 255, 259 (1) (e) (659 SE2d 638) (2008) (defendant unable to show prejudice allegedly caused by the ineffective assistance of counsel in light of the evidence of defendant's overwhelming guilt).

there was a reasonable probability that the outcome of his trial would have been different.[40]

*Judgment affirmed. Miller, P. J., and Dillard, P. J., concur.*

---

[40] See *Robinson*, 277 Ga. at 75-76; see also *Williams v. State*, 277 Ga. 853, 858 (6) (a) (596 SE2d 597) (2004) ("Since an appellant claiming ineffective assistance of counsel must show both deficient performance and actual prejudice stemming from that deficiency, an insufficient showing on either of these prongs relieves the reviewing court of the need to address the other prong.") (citation and punctuation omitted).