## A00A2422. SNOW v. THE STATE.
### (543 SE2d 36)

ELDRIDGE, Judge.

Damon Snow was indicted for statutory rape and two counts of child molestation. A Walker County jury found him guilty of statutory rape. In his sole claim of error, Snow alleges he received ineffective assistance of counsel because his trial attorney advised him not to take the stand and testify on his own behalf. However, we have reviewed the testimony of Snow's defense counsel on this issue. We do not find error in counsel's advice. He testified that

> my client is not a professional as far as answering questions is concerned. If he voluntarily takes the stand and opens the door to the prosecutor, the prosecutor is an experienced professional and he knows how to ask questions that could be answered in different fashions and different ways. I was afraid that my client would not come across looking particularly well in that set of circumstances. And since the law also states that no negative presumption can be drawn when the accused does not take the stand in his own defense, I felt that it was better that he did not do so.

---

[2] *Burse v. State*, 232 Ga. App. 729, 730 (1) (503 SE2d 638) (1998).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

This advice rings of sound trial strategy. "[A] legitimate trial tactic and strategy . . . afford[ ] no basis for the reversal of appellant's conviction."[1]

Further, contrary to Snow's contentions, we do not read counsel's testimony as a misapprehension of the law regarding impeachment and cross-examination. On the contrary. From counsel's testimony as a whole, it appears to this Court that he was concerned about information the prosecutor's questions *might* elicit from Snow during cross-examination which, in turn, could lead to the introduction of damaging impeachment evidence against Snow, including otherwise inadmissible character evidence. Counsel testified he was concerned that Snow might "subject himself to the questioning of a professional whose job it is to elicit shall we say responses that can be interpreted in different ways." Unlike Snow, we do not take this testimony to mean that counsel believed the prosecutor had carte blanche to impeach with any and all character evidence simply because Snow took the stand.

In this case, the record is clear that the ultimate decision whether or not to testify remained with Snow, and he chose not to do so based on advice from his attorney grounded in sound trial strategy. Thus, Snow has failed to show that the trial court abused its discretion in refusing to grant a new trial on his claim of ineffective assistance of counsel.[2]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 21, 2000 — 

*Christopher A. Townley*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.

---

[1] *Anderson v. State*, 206 Ga. App. 354, 356 (3) (426 SE2d 6) (1992).
[2] *Rogers v. State*, 210 Ga. App. 164, 165 (435 SE2d 457) (1993).