## A04A1468. LYONS v. THE STATE.
(602 SE2d 917)

JOHNSON, Presiding Judge.

A jury found Scott Lyons guilty of robbery by force, burglary and two counts of simple battery. Lyons appeals, alleging the evidence was insufficient to support his convictions, the trial court erred in allowing identification testimony and his trial counsel provided ineffective assistance. We find no error and affirm Lyons' convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in this light, the evidence shows that Lyons was seen approaching the home of Frances and Clarence Glisten, an elderly couple who lived in Peach County. Lyons knocked on the back door, and Mrs. Glisten opened the door. Lyons then forced his way into the

---

[1] *Cockrell v. State*, 248 Ga. App. 359 (1) (545 SE2d 600) (2001).
[2] (Citation omitted.) *Odett v. State*, 273 Ga. 353-354 (1) (541 SE2d 29) (2001).
[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

home and grabbed Mrs. Glisten around the neck. Mr. Glisten heard noise and went to check. When he saw Lyons attacking his wife, Mr. Glisten "jumped him." Lyons threw Mr. Glisten to the floor, injuring him slightly in the process, and told Mr. Glisten he was going to shoot him. Once Mr. Glisten was on the floor, Lyons forced open Mr. Glisten's back pocket and took his wallet.

Gary Sheffield, a day worker who was putting up blinds for the Glistens, saw Lyons grab Mrs. Glisten and throw Mr. Glisten to the ground. He also saw Lyons forcibly take Mr. Glisten's wallet. According to Sheffield, he got within five feet of Lyons, and Lyons looked him "straight in the eye so I could see his whole face straight on." When Sheffield approached him, Lyons reached behind him and said he had a gun. Lyons then left the house by the same door he had entered.

Police arrived and prepared a photo lineup. The photos used were old and no one positively identified Lyons from the lineup. The next day, after obtaining updated pictures, the investigator put together a new photo lineup and separately presented it to Mrs. Glisten and Sheffield. Both Mrs. Glisten and Sheffield identified Lyons as the robber. In addition, Mrs. Glisten, Mr. Glisten and Sheffield all positively identified Lyons at trial.

The evidence establishes that Lyons entered the victims' home, assaulted Mrs. Glisten and assaulted and robbed her husband. Lyons was positively identified by all three eyewitnesses as the perpetrator of the crimes. This evidence was sufficient for a rational trier of fact to find Lyons guilty beyond a reasonable doubt of robbery by force, burglary and two counts of simple battery.[4]

2. Lyons contends the trial court erred in admitting Mrs. Glisten's and Sheffield's out-of-court identifications based on the photo array. According to Lyons, the police officer who presented the photo lineup improperly suggested that the suspect was one of the photos in the array. While an officer displaying a lineup to a victim or witness should avoid telling the person that the lineup contains the police officer's suspect, such a statement does not make a lineup impermissibly suggestive since the very fact that a lineup is being conducted suggests that a suspect is contained within the lineup.[5] Thus, testimony concerning the out-of-court identifications was not the result of an impermissibly suggestive pre-trial identification procedure and was not subject to suppression.

3. Lyons next contends that his trial counsel was ineffective because he (a) failed to object to portions of the jury instruction, (b)

---

[4] *Pinson v. State*, 266 Ga. App. 254, 255 (1) (596 SE2d 734) (2004); *Skaggs-Ferrell v. State*, 266 Ga. App. 248, 250 (1) (596 SE2d 743) (2004).

[5] *Clark v. State*, 271 Ga. 6, 13 (7) (b) (515 SE2d 155) (1999).

failed to move for a mistrial or object to the introduction of character evidence, (c) elicited testimony that commented on Lyons' right to remain silent, (d) failed to call Lyons' mother as a witness and (e) failed to object to testimony regarding the out-of-court identifications.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[6] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[7] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[8]

(a) Lyons objects to phrases and words contained in certain charges given by the trial court, and to which no exceptions were made by appointed trial counsel. The phrases include the following: "should convict," "duty to convict," "moral and reasonable certainty" and "duty to find the defendant guilty." Viewed as a whole,[9] we find the trial court adequately and properly instructed the jury as to reasonable doubt, burden of proof and the presumption of innocence.

With regard to phrases suggesting a "duty to convict,"

> our Supreme Court has discouraged the use of a jury instruction that suggests to the jury that it has a "duty to convict" in the absence of reasonable doubt, and has found that the "better practice" is for the trial court to instruct the jury that it is "authorized to convict." The Court, however, has not found the use of the charge to be reversible error.[10]

Where, as here, the trial court fully instructs the jury as to the presumption of innocence, the definition of reasonable doubt and the state's burden of proof, the charge, while not recommended, does not constitute reversible error.[11]

---

[6] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[7] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[8] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[9] *Dyke v. State*, 232 Ga. 817, 825 (209 SE2d 166) (1974).

[10] (Footnote omitted.) *Hall v. State*, 261 Ga. App. 64, 68-69 (3) (581 SE2d 695) (2003); see *McPherson v. State*, 274 Ga. 444, 452 (14) (553 SE2d 569) (2001).

[11] *Stargell v. State*, 254 Ga. App. 72, 74 (2) (561 SE2d 207) (2002).

Similarly, the "moral and reasonable certainty" phrase found in the reasonable doubt instruction does not constitute reversible error where, as here, "the charge viewed in its entirety repeatedly and accurately conveyed to the jury the concept of reasonable doubt."[12] Trial counsel did not provide ineffective assistance in failing to object to these phrases.

(b) Lyons claims that it was error for his trial counsel to fail to object and move for a mistrial based on a police investigator's testimony that Lyons matched the description of a suspect in other robberies. The record shows that during direct examination, a police investigator indicated that while talking to the victims he was given the identification of a person which "kind of matched the description of the suspect that I had been working on some of the other cases." Lyons argues that this statement injected his character and reputation into evidence, suggesting that he had committed other crimes, even though the state had given no notice of its intent to submit similar transaction evidence.

However, as the trial court correctly pointed out, there was no evidence of other crimes admitted, and the issue was fully explored on cross-examination. Furthermore, the error, if any, was harmless in light of the overwhelming evidence of identification by the two victims and an eyewitness, both by photo lineup and in-court positive identifications.[13] "The erroneous admission of hearsay testimony is harmless where it is cumulative of legally admissible evidence of the same fact, where it does not touch on the central issue of the case, or it could not have contributed to the verdict in light of eyewitness testimony regarding the crime."[14] Lyons has not met his burden of showing both that his trial counsel's performance was deficient and that the deficiency prejudiced his defense.

(c) Lyons argues that his trial counsel was ineffective for eliciting a comment on his right to remain silent. However, a review of the record shows that the reference was inadvertent in trial counsel's attempt to make a point about Lyons' physical infirmity as part of an alibi defense. The specific testimony is as follows:

Q: Did you talk to him after he was arrested?
A: I brought him to the station to attempt an interview and he didn't make a statement.

---

[12] (Punctuation and footnote omitted.) *Burns v. State*, 246 Ga. App. 383, 384 (2) (540 SE2d 640) (2000).

[13] *White v. State*, 273 Ga. 787, 791 (4) (546 SE2d 514) (2001); *Cooper v. State*, 258 Ga. App. 825, 831 (4) (575 SE2d 691) (2002).

[14] (Citations omitted.) *Myers v. State*, 275 Ga. 709, 712-713 (2) (572 SE2d 606) (2002).

Q: You had an opportunity to be in his presence after his arrest, did you not?
A: I talked to him the day after, yes, sir.
Q: And you were able to observe him physically during that period of time, were you not? You were able to observe his general well being, his demeanor and that type of thing?
A: Yes, sir.
Q: Were you aware of the fact that — and did he tell you or did you know that he had been shot in the leg at the time he was brought into the police department?
A: Yes, sir, I did.
Q: Wasn't he limping rather severely at that time?
A: He was limping a little. I wouldn't say severely.

The obvious purpose of this portion of cross-examination was not to elicit a comment about Lyons' custodial silence, but rather to inquire about his physical condition, specifically including the gunshot wound to his leg which caused him to limp, a fact not included in the description given by the victims and eyewitness in this trial. Furthermore, even if trial counsel's conduct constituted error, such error is harmless in light of the overwhelming evidence of Lyons' guilt.[15] Lyons failed to carry his burden to prove either the performance or prejudice prongs of this ineffectiveness claim.

(d) Lyons contends his trial counsel was ineffective in failing to call his mother as an alibi witness. According to Lyons, his mother would have testified that Lyons had been shot, was at his grandmother's home during the time the crime had been committed and was unable to leave his grandmother's home. However, as Lyons admitted in the hearing on his motion for a new trial, his mother's testimony would have been cumulative of testimony presented by his grandmother. Trial counsel's failure to present cumulative evidence does not amount to ineffective assistance.[16] In addition, decisions regarding which witnesses to call are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not require a finding of ineffective assistance of counsel.[17] Lyons has not met his burden of showing both that his

---

[15] See *Rickman v. State*, 277 Ga. 277, 281 (4), nn. 16, 17 (587 SE2d 596) (2003); *Wright v. State*, 275 Ga. 427, 428 (2) (569 SE2d 537) (2002), overturned in part on other grounds, *Wilson v. State*, 277 Ga. 195, 199 (2) (586 SE2d 669) (2003).

[16] See *Smart v. State*, 253 Ga. App. 649, 656 (10) (c) (560 SE2d 92) (2002); *Pilcher v. State*, 170 Ga. App. 869, 871 (4) (318 SE2d 640) (1984).

[17] *Ray v. State*, 253 Ga. App. 626, 627 (2) (560 SE2d 54) (2002); *Gunsby v. State*, 248 Ga. App. 18, 22 (4) (545 SE2d 56) (2001).

trial counsel's performance was deficient and that the deficiency prejudiced his defense.

(e) Lyons claims his trial counsel was ineffective in failing to object to the identification testimony based on the photo array. Since we concluded in Division 2 that there was no error in admitting this identification testimony, counsel's failure to object cannot be considered deficient performance.[18] This claim lacks merit.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED AUGUST 6, 2004.

*Robert M. Bearden, Jr.*, for appellant.
*Howard Z. Simms, District Attorney*, for appellee.

---

[18] See *Spear v. State*, 270 Ga. 628, 633 (5) (513 SE2d 489) (1999); *Villegas v. State*, 262 Ga. App. 55, 58 (3) (d) (584 SE2d 666) (2003) (it is not ineffective assistance of counsel to fail to make a meritless objection).