## A07A2447. WARNER v. THE STATE.
(652 SE2d 898)

JOHNSON, Presiding Judge.

A jury found Maurice Warner guilty of kidnapping, false imprisonment and battery. The false imprisonment offense was merged with the kidnapping, for which the trial court sentenced Warner to serve fifteen years in confinement and five years on probation. The court imposed a 12-month sentence for the battery, ordering that sentence to be served concurrently with the kidnapping sentence. Warner appeals, challenging the sufficiency of the evidence, the denial of a motion for mistrial and the effectiveness of his two trial attorneys. The challenges are without merit, and we thus affirm Warner's conviction.

1. On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[1] This court does not weigh the evidence or determine witness credibility, but determines only if there is sufficient evidence from which a rational trier of fact could find the defendant guilty of the charged offenses beyond a reasonable doubt.[2]

Viewed in the light most favorable to the verdict, evidence presented at trial shows that Takeeta Pugh had dated Warner for nine months when she decided to end the relationship because he had been physically abusive and was becoming increasingly violent. On June 3, 2005, Warner was sitting in a car outside of Pugh's home when she told him that she did not want to date him any longer. Warner

---

[16] See Carter v. Puckett, 237 Ga. 494 (228 SE2d 878) (1976).
[1] Rutledge v. State, 263 Ga. App. 308, 308-309 (587 SE2d 808) (2003).
[2] Id.

asked Pugh to get in the car, and when she refused he jumped out of the car. Pugh fled from Warner, and he chased her down the street. Warner caught Pugh, hit her and forced her into the car, which was being driven by Warner's mother. Warner would not let Pugh out of the car and ordered his mother to continue driving.

Warner's mother drove to her house, where Pugh got out of the car and fled down the street. Warner again chased after Pugh, caught her, hit her with his fists, tore her shirt off of her, and began beating her with his belt. Pugh was able to get away from Warner and run to a neighbor's house, where she called the police.

Sheriff's deputies arrived a few minutes later. They found Pugh's shirt in a yard and photographed belt marks on her back. They were unable to locate Warner, who had fled from the scene. But the police eventually found and arrested both Warner and his mother.

Warner argues that the evidence is insufficient to support his conviction because Pugh's testimony was illogical and she was impeached by evidence of a prior forgery conviction. However, "[r]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict."[3] Because there is sufficient evidence to support each element of the crimes charged, Warner's conviction must be affirmed.

2. Warner seeks a new trial on the ground that the trial judge violated OCGA § 17-8-57[4] in that he expressed an opinion as to Warner's guilt by referring to Pugh as the victim in front of the jury. The trial judge denied Warner's motion for a mistrial and instead gave a curative instruction to the jurors, charging them that his reference to Pugh as the victim was a misstatement, that in the eyes of the court she is the alleged victim and that, as he had previously instructed them in the preliminary jury charge, anything he says or does is not evidence.

OCGA § 17-8-57 is only violated when the court intimates to the jury what the judge believes the evidence to be.[5] Here, even if the trial judge's reference to the victim constituted a violation of that Code

---

[3] (Citation and punctuation omitted.) *Anthony v. State*, 275 Ga. App. 274, 275 (1) (620 SE2d 491) (2005).

[4] OCGA § 17-8-57 provides:
It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

[5] *Sedlak v. State*, 275 Ga. 746, 748-749 (2) (d) (571 SE2d 721) (2002).

section, the judge's curative instruction corrected any misstatement and clearly did not intimate to the jury what the court believed the evidence to be. On the contrary, the curative instruction, together with the preliminary jury charge, expressly informed the jury that the judge had no leaning in the case and that what he said was not evidence.

"The decision to grant a mistrial or to provide curative instructions lies within the discretion of the trial court. Absent an abuse of that discretion, an appellate court will not disturb the court's decision."[6] Because Warner has shown no abuse of discretion in the trial court's decision to give a curative instruction rather than grant a mistrial, we will not disturb the trial court's decision.

3. Warner claims that the two attorneys who represented him at trial were ineffective in that they advised him not to testify, they did not challenge a juror who said she believed she knew Warner from an English class that she had taught at a technical college, and they failed to preserve the record as to the basis for their motion for a mistrial made during the prosecutor's closing argument. Warner, however, is unable to make the two showings required to prevail upon an ineffective assistance claim.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.[7]

(a) At the motion for new trial hearing, one of Warner's trial attorneys testified that she advised him not to testify at trial because she thought his testimony would actually give credence to the victim's testimony. Warner's other attorney testified at the hearing that she advised him not to testify at trial because he has a prior DUI offense that she thought the state might impeach him with, because there were several prior difficulties between him and the victim that the state could have fully explored on cross-examination, and because he had given inconsistent accounts of what happened between him and

---

[6] (Citations omitted.) *Lester v. State*, 267 Ga. App. 795, 800-801 (4) (600 SE2d 787) (2004).

[7] (Citations omitted.) *Robinson v. State*, 277 Ga. 75 (586 SE2d 313) (2003).

the victim and she was concerned that those discrepancies could harm him on cross-examination.

Warner argues that the attorneys' advice not to testify was faulty since DUI is not a crime of moral turpitude that the state could have used to impeach him. But regardless of that, it is apparent from the attorneys' uncontradicted testimony that they advised him not to testify for several valid strategic reasons other than any concern about his prior DUI offense. "Counsel's advice against putting [Warner] on the stand was tactical and does not reach the level of deficient performance."[8] Warner has thus failed to show that the trial court abused its discretion in refusing to grant a new trial on his claim of ineffective assistance.[9]

(b) As for counsel's decision not to challenge the juror who indicated that she might have had Warner as a student, one of Warner's attorneys gave unrefuted testimony that after consulting with Warner the attorneys made the strategic decision, based on the juror's voir dire responses, not to strike her from the jury. Counsel's decision not to strike a juror was thus a matter of trial strategy and tactics that does not constitute deficient performance.[10]

Furthermore, even if that decision had been deficient, Warner still has not proven the prejudice prong of his ineffective assistance claim. The juror testified that the fact that she might know Warner would not affect her ability to listen to the evidence and the charge of the court, nor would it affect her ability to be fair and impartial. Since there is no evidence that the juror was biased or that she could not decide the case based on the evidence and the court's instruction, Warner has failed to show that the trial court would have abused its discretion in failing to strike her, and he has thus failed to show any prejudice arising from counsel's performance.[11]

(c) While it is true that the state's closing argument was not transcribed and that Warner's attorneys did not make a proffer as to the precise statement made by the state to which they objected, the record does nevertheless reflect the basis for the objection and motion for a mistrial. The arguments made by the attorneys regarding the objection and motion were fully transcribed, and it is apparent from those arguments and the court's ruling that Warner's trial counsel challenged comments made by the prosecutor that the defense had asked for jury charges on lesser included offenses. Thus, contrary to

---

[8] (Citation omitted.) *Wooten v. State*, 240 Ga. App. 725, 729 (3) (d) (i) (524 SE2d 776) (1999).

[9] See *Snow v. State*, 246 Ga. App. 881, 882 (543 SE2d 36) (2000).

[10] See *Stephens v. State*, 224 Ga. App. 184, 186 (3) (480 SE2d 235) (1997).

[11] See *Rickman v. State*, 277 Ga. 277, 281 (3) (587 SE2d 596) (2003).

Warner's claim, the record does reflect the basis for his trial counsel's objection and motion for a mistrial during the state's closing argument.

Moreover, Warner has once again failed to show the prejudice prong of his claim. Even if it can be said that counsel was deficient in failing to perfect the record as to the precise statement made during the state's closing argument, Warner has made no showing whatsoever that the outcome of the trial would have been different but for this alleged mistake.[12]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 22, 2007.

*Frederick M. Scherma*, for appellant.

*William T. McBroom, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.

---

[12] See *Shiver v. State*, 276 Ga. 624, 626 (4) (581 SE2d 254) (2003).