A07A2399. JOHNSON v. THE STATE.
(659 SE2d 638)

RUFFIN, Judge.

Following a jury trial, Milton Johnson was convicted of four counts of burglary. On appeal, Johnson contends that he received ineffective assistance of counsel and that the trial court erred in admitting an "unduly suggestive" photographic lineup. For reasons that follow, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence.[1] Rather, we view the evidence in a light most favorable to the jury's verdict.[2] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the crimes charged beyond a reasonable doubt.[3]

So viewed, the evidence shows that the police investigated a series of four burglaries that occurred at office buildings in the same area of Cobb County in July and August 2002. On July 16, 2002, Dazzarine Black, an employee of Solutia, Inc., was working late when she encountered a man who did not work for Solutia. The following day, Solutia employees discovered that numerous laptop computers had been stolen from the offices, as well as an employee's purse containing a cell phone and credit cards. The police showed Black a

---

[1] See *Warner v. State*, 287 Ga. App. 892 (1) (652 SE2d 898) (2007).

[2] See id.

[3] See *Jackson v. Virginia*, 443 U. S. 307, 324 (99 SC 2781, 61 LE2d 560) (1979); *Warner*, supra.

photographic lineup containing Johnson's picture. Although Black was unable to make a positive identification of the perpetrator from a photographic lineup, she thought that the photograph of Johnson "most looked like the person that she saw in the building."

On July 18, 2002, Patrick West, an employee of Bradley-Morris, was leaving his office around 8:00 p.m. when he saw a man who did not work for Bradley-Morris under the reception desk. When West questioned him, the man fled. The following morning, Bradley-Morris employees found several laptop computers on the desk in the company president's office, which was located approximately seven feet from the reception desk. The police showed West a videotape from the office surveillance camera, and he confirmed that it depicted the man he saw under the desk.

On July 26, 2002, a man burglarized the offices of Heidelberg, USA and stole a laptop computer. The following day, Heidelberg employees watched the footage from the office surveillance system from the previous night and confirmed that the man depicted on the tape did not work at the Heidelberg office and did not have permission to be there. At trial, a Heidelberg employee confirmed that the same man was depicted on still photographs from the Bradley-Morris and Heidelberg surveillance videos and testified that he was 90 to 95 percent certain that Johnson was the man in both. A second Heidelberg employee — who identified Johnson in court as the man depicted in the Heidelberg surveillance footage — showed the Heidelberg photograph to Black, who confirmed that it depicted the man she saw leaving the Solutia offices the night of the burglary there.

Then, on August 7, 2002, at approximately 6:00 p.m., employees at the offices of Marathon Ashland Petroleum saw a man with a small screwdriver in one of their offices; the man was not an employee and did not have authority to be in the offices. When the employees confronted him, the man left the building. Two employees positively identified Johnson from a photographic lineup, and one of them identified Johnson at trial as the intruder.

Following the trial, the jury found Johnson guilty of four counts of burglary. Johnson moved for a new trial, and the trial court denied the motion after a hearing.

1. In a single improper compound enumeration,[4] Johnson contends that his trial attorney rendered ineffective assistance of counsel. We find this contention unavailing.

---

[4] The improper compound form of this enumeration has hindered our review. Nevertheless, "[w]e have made every effort to discern [Johnson's] arguments on appeal, but those not properly supported with argument and citation of authority may be deemed abandoned." *Argentum Intl. v. Woods*, 280 Ga. App. 440, 443 (1) (634 SE2d 195) (2006); see OCGA § 5-6-40

To prevail on a claim for ineffective assistance of counsel, a criminal defendant must show both that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of his trial would have been different.[5] " 'A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous.' "[6] And " 'trial strategy and tactics do not establish ineffective assistance.' "[7]

To support his claim, Johnson alleges arguments that fall into four general categories.

(a) *Lack of pretrial preparation and investigation.*

Johnson contends that trial counsel failed to spend adequate time with him both while preparing for and during trial. This argument presents no basis for reversal. Johnson's trial counsel, John Hildebrand, who has approximately 28 years of experience representing criminal defendants at trial, testified that he met with Johnson before trial, reviewed the discovery documents with him, and discussed the admission of particular evidence. He also consulted with Johnson during breaks in the trial. Notwithstanding Hildebrand's testimony, however, Johnson's contention that counsel failed to spend sufficient time conferring with him is not dispositive, as " 'mere shortness of time for preparation of counsel is insufficient to show ineffectiveness.' "[8]

(b) *Failure to interview and call witnesses.*

Johnson also alleges that trial counsel's failure to contact and interview certain witnesses that the police spoke to during their investigation constituted ineffective assistance of counsel. Trial counsel, who reviewed the police reports, testified that he made a strategic decision not to interview and call these witnesses because they could be potentially harmful to the defense. More importantly, Johnson did not call the witnesses to testify at his motion for new trial hearing or otherwise show what their testimony might have been, and thus he has not established that the outcome of the trial would have been different had trial counsel interviewed and subpoenaed them.[9]

---

(the enumeration of errors "shall set out separately each error relied upon"); see also *Currid v. DeKalb State Court Probation Dept.*, 274 Ga. App. 704, 706 (1) (618 SE2d 621) (2005).

[5] See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984); *Jackson v. State*, 282 Ga. 494, 497 (2) (651 SE2d 702) (2007).

[6] *Crider v. State*, 246 Ga. App. 765, 769 (4) (542 SE2d 163) (2000).

[7] Id.

[8] *Hinkle v. State*, 282 Ga. App. 328, 329 (2) (638 SE2d 781) (2006).

[9] See *Tolbert v. State*, 282 Ga. 254, 257 (3) (647 SE2d 555) (2007); *Branan v. State*, 285 Ga. App. 717, 721 (4) (647 SE2d 606) (2007).

Johnson further challenges trial counsel's failure to interview approximately 18 alibi witnesses in addition to the four who testified at trial. Trial counsel said that when Johnson provided the names of these initial alibi witnesses, he was contending that he was in jail during the times of the burglaries. Thereafter, he changed his story and insisted that he was in Florida at the time of the crimes. Thus, trial counsel did not interview the initial alibi witnesses because the nature of the alibi had changed. And again, because Johnson failed to call these witnesses at the new trial hearing, he has not shown that the outcome would have been different if trial counsel had interviewed or subpoenaed them.[10]

Four alibi witnesses, including Johnson's wife, testified at trial that Johnson was living in Florida at the time of the burglaries at issue. On appeal, Johnson contends that trial counsel's failure to call his two sons — who could further confirm that he lived in Florida at the time of the crimes — as alibi witnesses constituted ineffective assistance of counsel. According to trial counsel, he and Johnson talked and made a joint decision not to call the boys as witnesses because there were sufficient other alibi witnesses. "[D]ecisions regarding which witnesses to call are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not require a finding of ineffective assistance of counsel."[11] Moreover, the sons' testimony would have been cumulative of other witnesses, and "[t]rial counsel's failure to present cumulative evidence does not amount to ineffective assistance."[12]

(c) *Failure to cross-examine witnesses.*

Johnson further alleges that trial counsel's failure to cross-examine a police officer regarding an individual listed in the police report constituted ineffective assistance of counsel. Because Johnson did not raise this specific argument before the trial court, it is waived for purposes of appeal.[13] Moreover, because trial counsel was not asked about this issue at the hearing on Johnson's motion for new trial, we presume that counsel's actions were strategic and not due to ineffectiveness.[14] Finally, pretermitting Johnson's waiver, "the attorney's decisions on . . . how to conduct cross-examinations[ ] and which defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel."[15]

---

[10] See *Tolbert*, supra; *Branan*, supra.

[11] *Lyons v. State*, 269 Ga. App. 27, 31 (3) (d) (602 SE2d 917) (2004).

[12] Id.

[13] See *Garrett v. State*, 285 Ga. App. 282, 287 (5) (e) (645 SE2d 718) (2007).

[14] See *Nichols v. State*, 288 Ga. App. 118, 121 (3) (a) (653 SE2d 300) (2007).

[15] *Ray v. State*, 253 Ga. App. 626, 627 (2) (560 SE2d 54) (2002).

(d) *Failure to object to introduction of certain evidence.*

Johnson also contends that "[d]efense counsel failed to make any hearsay or best evidence objections to the cell phone printouts, which were not introduced, that Detective Smith told the jury led directly to Vero Beach[,] Florida — the very city that Johnson's alibi witnesses all said Johnson was living at the time of the burglaries." This argument — which consists solely of this one sentence — is unclear. Furthermore, Johnson fails to support this contention with citation of authority or to refer to the record, and thus, we deem this argument abandoned.[16]

Even if Johnson had not abandoned this argument, however, we find it meritless. Trial counsel testified that his decisions regarding whether to make objections were strategic. Certainly, "[d]eclining to object to testimony can be considered reasonable trial strategy, and trial tactics and strategy are not susceptible to attacks of ineffective assistance."[17]

(e) *Overwhelming evidence of guilt.*

And even if Johnson had presented evidence that his trial counsel's performance was deficient, his guilt was overwhelmingly established at trial by witness identification and video surveillance tapes and photographs of the burglar which were shown to the jury. Thus, Johnson cannot show how any of the purported deficiencies prejudiced his defense.[18] Accordingly, the trial court did not err in denying Johnson a new trial based on his ineffective assistance claim.[19]

2. Johnson also argues that the photographic lineup shown to witnesses was impermissibly suggestive, requiring exclusion of the identification testimony. On appeal, he argues that the lineup was unduly suggestive because he is the only one in the array wearing an earring. Because Johnson did not make this argument to the trial court,[20] he has arguably waived this specific challenge on appeal.[21]

---

[16] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Bennett v. State*, 289 Ga. App. 110, 114 (3) (657 SE2d 6) (2008).

[17] (Citation and punctuation omitted.) *Nichols*, supra at 122 (3) (b).

[18] See *Ruffin v. State*, 283 Ga. 87, 90 (12) (f) (656 SE2d 140) (2008); *Marlin v. State*, 273 Ga. App. 856, 858 (1) (616 SE2d 176) (2005).

[19] See *Marlin*, supra.

[20] Instead, at trial, Johnson objected to admission of the lineup on the basis that it was shown to one of the witnesses after she had already been shown a still photograph of the surveillance footage from a robbery at another office building. He also objected to the admission of a copy of the lineup that, according to the trial court, was dark and difficult to discern, as one of the persons was not visible at all and another was only partially visible. The trial court reserved ruling on admission of the copy, however, and admitted the original lineup thereafter, which was presumably more clear.

[21] See *Dempsey v. State*, 265 Ga. App. 175, 176 (2) (593 SE2d 362) (2004); *Horner v. State*, 257 Ga. App. 12, 16 (4) (570 SE2d 94) (2002).

Even pretermitting his waiver, however, this argument presents no basis for reversal.

We will reverse a conviction based upon a photographic lineup "only if the photographic lineup was so impermissibly suggestive that there exists a very substantial likelihood of irreparable misidentification."[22] An identification procedure is impermissibly suggestive "when it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, 'This is our suspect.' "[23]

Here, the photographic array contained six pictures depicting men of the same race and general age range, with similar facial hair and hairstyles, situated approximately the same distance from the camera. Under these circumstances, we conclude that the photographic array was not impermissibly suggestive and the pretrial identification evidence was properly allowed.[24]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 21, 2008 —
RECONSIDERATION DISMISSED MARCH 13, 2008.

*Daniel L. Henderson*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Reuben M. Green, Assistant District Attorneys*, for appellee.

---

[22] *Watley v. State*, 281 Ga. App. 244, 245 (1) (635 SE2d 857) (2006).
[23] (Punctuation omitted.) Id.
[24] See *Russell v. State*, 288 Ga. App. 372, 373-374 (2) (654 SE2d 185) (2007); *Thompson v. State*, 240 Ga. App. 26, 31-32 (7) (521 SE2d 876) (1999).