A09A0132. EVANS v. THE STATE.
(680 SE2d 446)

PHIPPS, Judge.

After a jury trial, Alton G. Evans was convicted of possession of cocaine with the intent to distribute. On appeal, he contends that the trial court erred by admitting certain similar transaction evidence and in instructing the jurors about the limited use of similar transaction evidence. In addition, Evans complains that the jurors were impermissibly apprised that his co-indictees had pled guilty. For reasons that follow, we affirm.

At trial, the state presented evidence that on February 3, 2006, police officers responded to citizens' complaints about ongoing activity at a certain motel room in Newnan. Driving through the motel's parking lot at about 2:00 a.m., the officers observed a truck backed into a parking space "two doors down from" the identified motel room; the truck's engine was running; the truck's headlights were on; and Evans was sitting in the driver's seat. Another man was knocking on the door of the motel room, but when he recognized the officers' vehicles, the man walked toward the truck. One of the officers approached Evans and the other man who had been knocking on the door. Two other officers knocked on the motel door; a woman answered the door and consented to a search of the room. During the search, a quantity of 19.85 grams of a substance that subsequently tested positive for cocaine was discovered.

The individuals found inside the motel room — the woman who answered the officers' knock, another woman, and two men — were arrested, as was Evans. Evans gave a police statement that he merely had driven one of the men found inside the motel room to that location for that man to sell cocaine to someone else. Evans disclaimed, however, having had any knowledge of the amount of cocaine the man had in his possession.

The state also presented similar transaction evidence, which the court ruled was permissible to show Evans's bent of mind and course of conduct. A police officer, David Lamb, testified that at about 12:45 one morning in March 2002, Evans was a passenger in a vehicle that was stopped in Peachtree City. While talking to Evans, Lamb detected the odor of marijuana coming from inside the car and from Evans's person. Evans complied with Lamb's request to step out of the car, and in response to the officer's questions, admitted that he had marijuana, some of which was inside a bag. Lamb asked to see the bag, and Evans pulled out what appeared to be a grocery store bag, but quickly shoved it back into his coat pocket. When the officer advised Evans that he would be handcuffed and then clasped his wrists, Evans resisted. During the ensuing struggle, the officer was thrown to the ground. Another officer came to assist Lamb, and Evans was subdued. Lamb searched the coat pocket where Evans had stashed the bag, but did not find it there. He found the bag instead inside the front of Evans's pants. It contained not only marijuana, but 46 individually wrapped rocks of crack cocaine. Based upon this incident, Evans was convicted of possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and obstruction of law enforcement officers.

1. Evans argues that the state should not have been allowed to introduce, as part of the similar transaction, evidence that he had engaged in a scuffle with law enforcement officers. He asserts that

the scuffle had no relevance to any issue being tried in the instant case.

At the pre-trial similar transaction hearing,[1] the state presented the testimony of Lamb, whose account of the incident included the scuffle and the momentarily missing bag. Lamb recounted that during their struggle with Evans,

> We had lost the grocery sack bag that he had had. Once we had the handcuffs on him, I did not find it in his jacket where it had been initially. . . . At some point during the struggle, it had been moved from his jacket to the inside of his pants. I did not see that actual transition happen because we were fighting.

Evans's attorney's cross-examination of Lamb at the hearing delved into the scuffle itself, the fact that the grocery bag had seemingly gotten lost during the struggle, and that the bag was subsequently recovered from Evans's pants.

A reasonable inference from Lamb's testimony was that Evans resisted and struggled with the officers because he had on his person numerous individually packaged rocks of crack cocaine, as well as marijuana. Because the struggle was part of the res gestae of the drug-related incident, the trial court did not abuse its discretion in admitting, as part of the similar transaction, evidence of the struggle.[2]

2. Evans contends that the limiting instruction that the trial court gave prior to the state's introduction of the similar transaction evidence was erroneous. But because Evans failed to object to the instruction, he is precluded from raising this issue on appeal.[3]

Evans concedes that the trial court included in its final charge to the jury an instruction on the limited use of the similar transaction evidence. Evans does not argue that this instruction was erroneous, but expressly acknowledges it as correct. And although Evans reserved the right to object to the court's final charge,[4] such

---

[1] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[2] See *Hoffman v. State*, 259 Ga. App. 131, 134 (2) (576 SE2d 102) (2003); *Guild v. State*, 234 Ga. App. 862, 868 (7) (a) (508 SE2d 231) (1998); see also *Kingsley v. State*, 268 Ga. App. 729 (1) (603 SE2d 78) (2004) (ruling allowing similar transaction evidence will not be disturbed absent an abuse of discretion).

[3] *Moore v. State*, 286 Ga. App. 313, 318 (3) (b) (649 SE2d 337) (2007).

[4] Evans's trial was held in November 2006, prior to the 2007 amendment of OCGA § 17-8-58. See *Metz v. State*, 284 Ga. 614, 619-620 (5) (669 SE2d 121) (2008) (recognizing that the 2007 amendment of OCGA § 17-8-58, effective July 1, 2007, requires a criminal defendant to "inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate").

reservation did not "relieve [him] of the obligation to make timely objection throughout the trial."[5]

3. Evans contends that he was impermissibly prejudiced because the jury was apprised that others found at the motel room had pled guilty to drug crimes.

The record shows that Evans, as well as the two men found inside the motel room, were co-indicted for the offense of possession of cocaine with the intent to distribute and that the underlying indictment went out with the jury during deliberations. Evans complains that the indictment contained notations that one of the two men had pled guilty to the charged offense and that the other man had pled guilty to a lesser included offense of cocaine possession. Evans further points out that neither of the two men testified at his trial.

After giving the jurors the final charge and excusing them from the courtroom, the court directed the attorneys to examine the indictment, commenting, "This is the original." The prosecutor pointed out that Evans's co-indictees' guilty pleas were noted thereon, but defense counsel remarked, "That's fine." The court sought clarification from defense counsel, "You don't care, Mr. [defense counsel]?" He affirmed, "No, your Honor." Under these circumstances, this issue was not preserved for review.[6]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JUNE 1, 2009 —
RECONSIDERATION DENIED JUNE 24, 2009.

*Jimmonique R. S. Rodgers*, for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.

---

[5] *Whitehead v. State*, 258 Ga. App. 271, 276 (3) (574 SE2d 351) (2002).

[6] See *Smith v. State*, 277 Ga. 213, 215 (2) (c) (586 SE2d 639) (2003); *Jordan v. State*, 272 Ga. 395, 397 (3) (530 SE2d 192) (2000).