## A10A0925. LEVERETTE v. THE STATE.
(696 SE2d 62)

JOHNSON, Judge.

A jury found Andre Leverette guilty of two counts of kidnapping with bodily injury, aggravated assault with an object likely to cause serious bodily injury, and robbery. Leverette appeals, arguing the evidence was insufficient to support the convictions for kidnapping with bodily injury and the trial court erred in failing to instruct the jury on the element of asportation. We find no error and affirm the convictions.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court does not weigh the evidence or evaluate witness credibility, but determines only if there is sufficient evidence from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt of the charged offenses.[1] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[2] To that end, the testimony of a single witness is generally sufficient to establish a fact.[3]

Viewed in that light, the evidence showed that the victim drove her car to a bookstore and parked in the parking lot. She opened the door, then sat in the car, with her foot on the running board, while she finished a cell phone conversation. As she finished the conversation, Leverette walked up to her and asked if he could borrow her phone. The victim told him no, and Leverette hit her on the side of her face. Leverette then pushed her back into the seat and continued to hit her, telling her to "shut the f— up." When the victim tried to reach her car horn, Leverette bent her over the console and put his arm across her throat. The victim ended up in the passenger seat and could not see anything because her eye was swollen shut. She also had a bloody lip, and her jaw had frozen. A nearby witness saw the

[1] *Warner v. State*, 287 Ga. App. 892 (1) (652 SE2d 898) (2007).
[2] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).
[3] OCGA § 24-4-8.

victim and Leverette struggling in the car.

Leverette subsequently started the car and was backing up to leave when the victim tried once more to reach the car horn. Leverette bit her on the arm, backed up "really really fast," and took off through the parking lot. Leverette drove approximately 150 feet before another car blocked his path. While the victim's car was stopped, she opened the passenger door and fell out into the parking lot. Leverette then drove off. Police responded and located the victim's car, with Leverette still behind the wheel, in a nearby parking lot.

1. Leverette contends the evidence at trial was insufficient to sustain his kidnapping with bodily injury convictions because the state did not meet its burden of proving asportation. According to Leverette, the kidnapping in the present case was merely an incidental movement resulting from the perpetration of another crime. We disagree.

When determining the sufficiency of the evidence of asportation, the test articulated by the Supreme Court of Georgia in *Garza v. State*[4] is considered. That test

> assesses four factors in determining whether the movement at issue constitutes asportation: (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.[5]

Not all elements under the *Garza* test must favor the prosecution for there to be asportation.[6]

Here, the evidence shows that Leverette beat the victim, causing both bruising and a facial fracture. He then abducted her "without lawful authority or warrant and [held her] against [her] will"[7] when he drove off with the victim until another car forced him to stop and the victim escaped. Leverette subsequently fled with the victim's car. While the movement of the victim was only 150 feet, the evidence shows that the victim's abduction was not an inherent part of the

---

[4] 284 Ga. 696, 702 (1) (670 SE2d 73) (2008). See *Dixon v. State*, 300 Ga. App. 183, 184 (1) n. 3 (684 SE2d 679) (2009) ("Subsequent to *Garza*, the legislature amended the kidnapping statute; because the amendment applies to crimes committed on or after the revision's effective date of July 1, 2009, it is inapplicable here, and *Garza*'s standard applies.").

[5] (Citation and footnote omitted). *Garza*, supra at 702.

[6] See *Brashier v. State*, 299 Ga. App. 107, 110 (2) (681 SE2d 750) (2009).

[7] OCGA § 16-5-40 (a).

aggravated assault or robbery; in fact, it occurred after the offense of aggravated assault and before the offense of robbery had been completed.[8]

In addition, the abduction of the victim through the parking lot created an additional danger to the victim independent of the assault or robbery.[9] The movement isolated her from rescue or protection by the other people in the parking lot who came forward as witnesses. The kidnapping statute is intended to address movement serving to substantially isolate the victim from protection or rescue, thereby increasing the danger faced by the victim.[10] The element of asportation was sufficiently established, and the evidence was sufficient for a rational trier of fact to find Leverette guilty beyond a reasonable doubt of both counts of kidnapping with bodily injury.

2. Leverette maintains the trial court erred by instructing the jury that "slight movement" is sufficient to prove asportation, even though he requested the charge given by the trial court. According to Leverette,

> [n]otwithstanding the fact that defense requested the language that laid out the law as it was then on asportation, the error committed by the lower court was for not going further to instruct the jury that they should consider whether the movement was intentionally perpetrated to abduct or steal away the victim.

This claim does not merit reversal.

The charge, as requested by Leverette, was given by the trial court. He, therefore, has waived any challenge to the use of that instruction.[11] In addition, there was no objection to the jury charge on the basis now urged. Thus, any complaint with regard to the trial court's asportation charge is waived.[12]

Nonetheless, where there has been a substantial error in the charge which was harmful as a matter of law, depriving the defendant of a fair trial, we must consider and review the charge regardless of whether an objection was made.[13] And, it is well-established that the trial court erred in charging the jury that "slight

---

[8] See *Henderson v. State*, 285 Ga. 240, 245 (5) (675 SE2d 28) (2009); *Abernathy v. State*, 299 Ga. App. 897, 901 (1) (685 SE2d 734) (2009) (movement of victim did not constitute an inherent part of the assault).

[9] See *Brashier*, supra at 110-111 (2).

[10] See *Flores v. State*, 298 Ga. App. 574, 577 (1) (680 SE2d 609) (2009).

[11] *Horne v. State*, 298 Ga. App. 601, 603 (1) (680 SE2d 616) (2009).

[12] See OCGA § 17-8-58 (b); *Metz v. State*, 284 Ga. 614, 619-620 (5) (669 SE2d 121) (2008).

[13] OCGA §§ 5-5-24 (c), 17-8-58 (b).

movement" is sufficient to prove asportation.[14] However,

> [t]he standard for weighing nonconstitutional error in criminal cases is known as the "highly probable test," i.e., that it is highly probable that the error did not contribute to the judgment. Under that test, a reversal is not required if the evidence of guilt is overwhelming in that there is no reasonable probability that the verdict would have been different in the absence of this error.[15]

Here, the evidence of asportation was overwhelming and undisputed. Multiple witnesses, including the victim, testified that Leverette abducted the victim 150 feet through the parking lot. The witnesses and victim further testified regarding the circumstances surrounding the aggravated assault and robbery. Under these circumstances, it is highly probable that any alleged error in giving Leverette's requested charge that "slight movement" was sufficient to prove asportation did not contribute to the judgment.[16] Accordingly, the trial court's error does not require reversal of Leverette's kidnapping with bodily injury convictions.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED APRIL 28, 2010.

*Sheueli C. Wang*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[14] See *Garza*, supra at 702 (1) (asportation required to support a kidnapping conviction must consist of more than "slight movement").

[15] (Citation omitted.) *Abernathy*, supra at 902 (2).

