## A11A0372. CASTILLO v. THE STATE.
(710 SE2d 703)

BARNES, Presiding Judge.

Jose David Castillo was convicted of child molestation and sexual battery. He appeals from the denial of his motion for a new trial, contending that his convictions should be reversed because the trial court erred by instructing the jury that the transcript of a conversation translated from a foreign language into English did not constitute substantive evidence. For the reasons set forth below, we affirm.

On appeal following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Gordon v. State*, 294 Ga. App. 908 (1) (670 SE2d 533) (2008). So viewed, the evidence showed that at the time of trial, the victim was nine years old and about to enter the fourth grade. When the victim was in second grade, she and her family began attending a church in downtown Rome. Castillo's wife was the pastor of the church.

When the victim went to church with her family, Castillo would approach her near the water fountain, in the women's bathroom, and in the church kitchen when no other adults were present. Castillo touched the victim's breasts on top of her clothes with a drumstick and with his hand, and he kissed her on the lips. He put his hand inside her pants and stuck his finger inside her buttocks while telling her that it felt good. Castillo touched the victim two or three different times. He threatened the victim that if she told anyone, he would hit her.

The victim told her older sister what was happening at church, and they told their mother. The victim's mother thereafter was contacted by Castillo's wife, who said that Castillo wanted to ask for forgiveness. The victim's mother contacted the police, who set up a recording device on her telephone with her consent. The subsequent telephone conversation between the victim's mother and Castillo,

---

insufficient evidence of an improper lane change. We need not further address this issue.

which was in Spanish, was tape-recorded. Castillo admitted during the call that he had grabbed the victim's breasts and buttocks and had kissed her, and he said that he recognized his mistake and had asked God to forgive him.

Castillo was arrested, indicted, and tried on charges of child molestation and sexual battery. At trial, the victim testified regarding how Castillo had touched and kissed her at church, and the State introduced and played for the jury a videotaped forensic interview in which the victim described what had occurred.

Additionally, the State introduced the taped telephone conversation between the victim's mother and Castillo. Because the conversation was in Spanish, a written transcript translating it into English was prepared before trial. Moreover, the trial court arranged for an interpreter to be available at trial to orally translate the taped conversation for the jury. The interpreter who orally translated the taped conversation at trial was a different interpreter from the one who had prepared the transcript. But the interpreter at trial reviewed the transcript prior to its presentation to the jury and found that it was consistent with her own translation.

In introducing the taped conversation, the State and Castillo stipulated both to the authenticity of the tape and the accuracy of the transcript. Following the stipulation, the trial court told the jurors that they would be given copies of the transcript, but instructed them that the taped telephone conversation itself was the evidence, not the transcript, which was just there to assist them. The court also informed the jurors that a court interpreter was going to translate the tape into English simultaneous to it being played for them. After the court's instruction, a copy of the transcript was provided to each juror, and the tape then was played for the jury at the same time as the interpreter orally translated the conversation. Upon the conclusion of the recording, the transcripts were collected from the jurors. Castillo did not object to the introduction and playing of the taped conversation, to the use of the transcript, to the use of the interpreter, or to the trial court's limiting instruction.

On appeal, Castillo maintains that the trial court's limiting instruction regarding the transcript of the taped telephone conversation was erroneous. Specifically, he argues that the court should have instructed the jury that the transcript, because it was a translation from a foreign language, constituted substantive evidence.[1] By failing to instruct the jury in this manner, Castillo

---

[1] When a taped conversation is in English, our Supreme Court has held that a transcript of the conversation is not evidence, but rather an aid to assist the jury in following what is said on the tape. See *Stewart v. State*, 286 Ga. 669, 672 (4) (b) (690 SE2d 811) (2010); *Slakman v. State*, 272 Ga. 662, 666 (2) (533 SE2d 383) (2000); *Washington v. State*, 268 Ga. 598, 600 (3)

contends that the jury might have disregarded the transcript and instead have relied exclusively on the simultaneous oral translation to arrive at the content of the telephone conversation, which he contends would have been inappropriate.

Although Castillo complains that the trial court gave an erroneous limiting instruction, the record shows that he failed to object to the instruction at trial. Therefore, any error was waived. See *Evans v. State*, 298 Ga. App. 505, 507 (2) (680 SE2d 446) (2009); *Moore v. State*, 286 Ga. App. 313, 318 (3) (b) (649 SE2d 337) (2007); *Sutton v. State*, 245 Ga. App. 881, 884 (4) (539 SE2d 227) (2000). Furthermore, irrespective of whether the trial court's instruction was erroneous, it was harmless. It is well settled that "harm as well as error must be shown to warrant reversal." *Christensen v. State*, 245 Ga. App. 165, 166 (1) (a) (537 SE2d 446) (2000). And "the standard for weighing nonconstitutional error in criminal cases is known as the 'highly probable test,' i.e., [whether] it is highly probable that the error did not contribute to the judgment." (Punctuation and footnote omitted.) *Leverette v. State*, 303 Ga. App. 849, 852 (2) (696 SE2d 62) (2010). Here, it is highly probable that the alleged error in the trial court's limiting instruction did not contribute to the judgment, because Castillo failed to show that the transcript was materially different from the oral translation made by the in-court interpreter. Accordingly, we discern no ground for reversal under the circumstances of this case.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED MAY 11, 2011.

*Jared M. Campbell*, for appellant.
*Leigh E. Patterson, District Attorney, Kay A. Wetherington, Assistant District Attorney*, for appellee.

---

(492 SE2d 197) (1997). Arguably, a different rule should apply where the taped conversation is in a foreign language. See, e.g., *United States v. Cruz*, 765 F2d 1020, 1023-1024 (11th Cir. 1985) (English language transcript of taped conversation in Spanish could be relied upon by jury as substantive evidence; district court did not err by playing the taped conversation to the jury while an interpreter signaled when it was appropriate for the jury to turn the pages of their copies of the transcript). However, we need not resolve this issue in the context of this appeal for the reasons discussed infra.